FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNION GOSPEL MISSION OF YAKIMA, WASH.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT FERGUSON, et al.<br><br>Defendants. | No. 1:23-CV-3027-MKD<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>ECF No. 11 |

Before the Court is Defendants' Motion to Dismiss, ECF No. 11. On October 11, 2024, the Court held a hearing. ECF No. 38. Ryan Tucker, Jacob Reed, and Katherine Anderson appeared on behalf of Plaintiff. Daniel Jeon appeared on behalf of Defendants. The Court has reviewed the record, heard from counsel, and is fully informed. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

The Complaint's underlying factual background is set forth in the Court's prior order, ECF No. 23, and the Ninth Circuit's decision remanding the matter, ECF No. 29.

ORDER - 1

The Ninth Circuit held Plaintiff sufficiently "alleged Article III standing" and remanded so the Court could "consider prudential ripeness in the first instance."[1]  ECF No. 29 at 8.  Shortly after the Ninth Circuit's mandate issued, Defendants filed a Stipulation of Enforcement Position on September 11, 2024, "stipulat[ing] that they will not enforce the WLAD against UGM in connection with the positions [of IT Technician and Operations Assistant] and Religious Hiring Policy as identified in its Complaint and related attachments."  ECF No. 31 at 2.  That same day, the Court set a supplemental briefing schedule and a hearing and indicated it would address the issue of mootness "if Defendants raise it in their supplemental briefing."  ECF No. 32.  The parties subsequently briefed the issue of mootness, *see* ECF No. 35 at 11-15; ECF No. 36 at 9-14; ECF No. 37 at 16-24; and presented argument concerning mootness during the hearing.

## LEGAL STANDARD

"A court with jurisdiction has a 'virtually unflagging obligation' to hear and resolve questions properly before it."  *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024) (quoting *Colorado River Water Conservation Dist. v. United*

---

[1] The Ninth Circuit also instructed the Court to address Plaintiff's motion for a preliminary injunction in the first instance.  ECF No. 29 at 8-9.  The Court will address that motion in a separate order.

ORDER - 2

1  *States*, 424 U.S. 800, 817 (1976)). "But the converse also holds true. Sometimes,

2  events in the world overtake those in the courtroom, and a complaining party

3  manages to secure outside of litigation all the relief he might have won in it. When

4  that happens, a federal court must dismiss the case as moot." *Id*. (citing *Already,*

5  *LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "Mootness is a jurisdictional issue, and

6  'federal courts have no jurisdiction to hear a case that is moot, that is, where no

7  actual or live controversy exists.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir.

8  2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir.

9  1999). "The party asserting mootness bears the burden of establishing that there is

10 no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450

11 F.3d 455, 461 (9th Cir. 2006) (citing *S. Oregon Barter Fair v. Jackson Cnty.,*

12 *Oregon*, 372 F.3d 1128, 1134 (9th Cir. 2004)). "That burden is 'heavy'; a case is

13 not moot where *any* effective relief may be granted." *Id*. (quoting *Nw. Env't Def.*

14 *Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)).

15                                    **DISCUSSION**

16     This case is not moot because the scope of Defendants' stipulation does not

17 cover the entirety of the relief sought in Plaintiff's Complaint.

18     As relevant here, Plaintiff's Complaint seeks, among other things, a

19 declaration that the WLAD, and Defendants' enforcement of it, violates its First

20 Amendment right to "[p]refer and hire only coreligionists—those who agree with

ORDER - 3

its religious beliefs and who will adhere to its religious tenets and behavior requirements—for its non-ministerial positions, *including* for its IT technician and operations assistant positions[.]" ECF No. 1 at 50-51 (emphasis added). Plaintiff also seeks a preliminary and permanent injunction enjoining Defendants from enforcing the WLAD against Plaintiff for, among other things, engaging in its "right to prefer employing coreligionists[.]" *Id*. at 51.

By its explicit terms, Defendants' stipulation, as it relates to employment positions, only disavows enforcement with respect to the IT technician and operations assistant positions.[2] ECF No. 31 at 2. Plaintiff's Complaint is not so limited, however, *see* ECF No. 1 at 50-51, and Defendants have not disavowed enforcement with respect to any other position they consider non-ministerial.

---

[2] Of note, Defendants represented to the Ninth Circuit, after oral argument, that they "disavow enforcement as to ministers, and concede that, based on the facts as UGM pleaded them, the IT technician and operations assistant are ministers who 'minister to members of the public.'" Appellees' Rule 28(j) Letter, *Union Mission Gospel of Yakima, Wash. v. Ferugson*, No. 23-2606 (9th Cir. Aug. 8, 2024), ECF No. 50.1 at 2. The Ninth Circuit declined to take up this issue and, as noted above, instructed this Court to consider "prudential ripeness in the first instance." ECF No. 29 at 8.

ORDER - 4

1    Indeed, when asked at the hearing whether the rationale behind Defendants'
2  stipulation would apply to the fourteen additional open positions listed in
3  Plaintiff's supplemental briefing, *see* ECF No. 34-1, counsel for Defendants could
4  not make such a representation.  Instead, counsel for Defendants maintained
5  Defendants lacked sufficient factual information concerning these positions.  The
6  Court, however, discerns no meaningful difference between the available factual
7  allegations concerning the IT technician and operations assistant positions and the
8  additional positions.  *Compare* ECF No. 1-6 (IT technician) *and* ECF No. 1-7
9  (operations assistant), *with* ECF No. 34-1 (fourteen open positions).  The Court
10 observes that these additional positions, like the IT technician and operations
11 assistant positions, call for, among other things, "minister[ing] to [Plaintiff's]
12 clients," *see, e.g.*, ECF No. 34-1 at 2 (front desk coordinator), and "[l]ook[ing] for
13 opportunities to lead Bible study, lead others in prayer, counsel from God's Word,
14 and model what it looks like to know God and experience His love and
15 leadership," *see, e.g.*, *id.* at 9 (programs assistant).  Defendants cited nearly
16 identical responsibilities of the IT technician and operations associate positions as
17 reason for considering those positions "ministerial[.]"  ECF No. 35 at 14; *see id.* at
18 10 (describing Defendants' "re-examin[ation]" of Plaintiff's allegations).
19 Nevertheless, Defendants expressly declined to disavow enforcement as to these
20 additional positions.  The upshot is Defendants consider these positions non-

ORDER - 5

ministerial and thus unshielded from the WLAD's ministerial exception. Neither party disputes that Defendants may enforce the WLAD with respect to these positions.

Given the limited scope of Defendants' stipulation and counsel's representation at the hearing, Plaintiff may either (1) hire for these additional positions and face credible risk of WLAD enforcement; or (2) refrain from hiring for these additional positions and remain understaffed. This "Hobson's choice," as Plaintiff argued, makes clear that this case is not moot and is prudentially ripe. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("'A request for injunctive relief remains live only so long as there is some present harm left to enjoin.'") (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)); *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 838 (9th Cir. 2012) ("Hardship serves as a counterbalance to any interest the judiciary has in delaying consideration of a case.") (citing *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1129 (9th Cir. 2009)).

Resisting this conclusion, Defendants rely on *GEO Group Inc. v. Inslee*, 702 F. Supp. 3d 1043 (W.D. Wash. 2023), contending it presents "strikingly similar circumstances." ECF No. 35 at 13. Although that case involved a stipulation of enforcement position, it is inapposite, for two reasons. First, the stipulation of enforcement there was preceded by a decision of the Ninth Circuit that, defendants

ORDER - 6

1  acknowledged, "forecloses [the State] from enforcing" the challenged law against

2  plaintiff. *GEO Grp.*, 702 F. Supp. 3d at 1050.  Conversely, no such on-point

3  precedent exists with respect to the WLAD.  Second, the court concluded

4  defendants' stipulation "effectively gives GEO the relief it seeks in this action."

5  *Id*. at 1051.  By contrast, Defendants' stipulation here only provides Plaintiff a

6  portion of the relief it seeks, as discussed above.  The Court is thus unable to

7  conclude it "cannot grant [Plaintiff] any effective relief." *Id*.  Accordingly, the

8  Court finds Defendants have failed to satisfy their "heavy" burden of establishing

9  mootness.  *Johanns*, 450 F.3d at 461 (quoting *Gordon*, 849 F.2d at 1244).

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion to Dismiss, ECF No. 11.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 11**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to file this order and provide copies to counsel.

DATED October 17, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 7